TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00564-CR







Veronica Ann Gallegos, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-95-353, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING









 The trial court denied appellant's pre-trial motion to suppress the introduction in evidence
of the controlled substance found in her purse. At the trial on its merits, appellant entered a plea of guilty
to the offense of possession of less than one gram of a controlled substance, 3, 4-methylenedioxy
methamphetamine. See Tex. Health and Safety Code Ann. § 481.116(b) (West Supp. 1997). The trial
court assessed punishment at a term of deferred adjudication, placed appellant on community supervision
for ten years, and assessed a five hundred dollar fine. It is from the trial court's denial of her motion to
suppress that appellant appeals. We will overrule appellant's contentions that the seizure of the contents
of her purse was the result of an illegal search and affirm the judgment of the trial court.

 On June 7, 1995, Wade Parham, an investigator with the San Marcos Police Department,
received a dispatch that there was a possible drunk driver on Ranch Road 12. Parham located the vehicle
and after observing it speeding and making an illegal turn, stopped the vehicle. Appellant, who was the
driver of the vehicle, was asked to exit the car after Parham detected the odor of alcohol on her breath. 
Sobriety tests were not consistent with intoxication. Parham suspected appellant may have been using
narcotics since his observations of her were not inconsistent with a person under the influence of drugs. 
Parham stated that appellant looked away from him while vehemently denying that narcotics were in the
vehicle. Parham's training and experience taught him that this type of response was sufficient to arouse
suspicion.

 Having determined that the passenger in the front seat was the owner of the car, Parham
asked her if drugs were in the vehicle. She said no and invited him to search the vehicle. Parham's search
under the front seat revealed a piece of "white plastic with a knot tied in the end of it" protruding from a
purse. In his experience Parham had "very often" seen a piece of plastic with a knot tied in it, and he had
never seen such a packet "contain anything but narcotics." The two tablets removed from the packet were
later determined to be the controlled substance alleged in the indictment.

 In her first point of error, appellant asserts that her consent was necessary to search her
purse because it exceeded the scope of the owner's consent to search the car. In her second point of
error, appellant contends that no contraband was visible when the officer saw the packet protruding from
her purse to justify the "plain view" exception to the Fourth Amendment's limitations on searches. The
State agrees with appellant's second point, however, we disagree with both parties.

 The scope of review by a court of appeals on a trial court's ruling in a suppression hearing
is set forth in Guzman v. State, No. 190-94 (Tex. Crim. App. Sept. 24, 1997):


[A]s a general rule, the appellate courts . . . should afford almost total deference to a trial
court's determination of the historical facts that the record supports especially when the
trial court's fact findings are based on an evaluation of credibility and demeanor.. The
appellate courts . . . should afford the same amount of deference to trial courts' rulings on
"application of law to fact questions," also known as "mixed questions of law and fact,"
if the resolution of those ultimate questions turns on an evaluation of credibility and
demeanor.



 We find it unnecessary to consider appellant's first point of error in light of our holding that
the seizure of the purse was legal under the plain view exception. Appellant agrees the officer had the right
to search the car as the result of the owner's consent; only, that the scope of the consent did not extend
to the search of appellant's purse. Appellant contends that the officer's sight of the plastic baggie with a
knot tied in it did not meet the practical, non-technical probability that the evidence was incriminating, and
did not rise to the level of probable cause. We find appellant's reliance on Texas v. Brown, 460 U.S. 730
(1983), to be misplaced.

 In Brown, the officer's stop of the defendant's car was legal. In the instant cause, appellant
agrees the stopping of the vehicle was legal. After Brown's car was stopped, the officer shined his flashlight
into the car, and saw an opaque, green party balloon, knotted near the tip, fall from Brown's hand to the
seat beside him. The balloon was seized and the ensuing search revealed that it contained a powdery
substance a chemist determined to be heroin. Brown is remarkably similar to the instant cause. The
conduct of the officers in observing the packet protruding from the purse and the opaque balloon did not
constitute an invasion of privacy. In both cases, the officers testified that their training and experience taught
them that the items seized were used to contain narcotics.

 The Brown court stated that the seizure of property in plain view is "presumptively
reasonable, assuming that there is probable cause to associate the property with criminal activity." Id. at
740-41. "The fact that Maples [arresting officer] could not see through the opaque fabric of the balloon
is all but irrelevant: the distinctive character of the balloon spoke volumes as to its contents--particularly
to the trained eye of the officer." Id. at 743. In determining probable cause, "the evidence . . . must be
seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field
of law enforcement." Id. at 742. The court held that when the arresting officer viewed the balloon in the
interior of the defendant's car, he had probable cause to believe that it was subject to seizure under the
Fourth Amendment. Id. at 744.

 In the instant cause, the plastic baggie with a knot tied in it "spoke volumes" to the trained
eye of Parham. The officer's testimony and experience also taught him that appellant's reaction to his
inquiry about narcotics in the vehicle was significant to arouse suspicion. Appellant points to Parham's
testimony under cross-examination that there might be other uses for this type of plastic baggie. It must be
remembered that at a suppression hearing, the trial judge is the sole and exclusive judge of the weight to
be given the testimony of a witness.

 We hold that the officer lawfully viewed the protruding baggie in appellant's purse, and had
probable cause to believe it was subject to seizure under the Fourth Amendment. Appellant's contention
that the search and seizure were illegal is overruled.

 The judgment of the trial court is affirmed.




 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices Aboussie and Davis*

Affirmed

Filed: December 4, 1997

Do Not Publish










* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



to consider appellant's first point of error in light of our holding that
the seizure of the purse was legal under the plain view exception. Appellant agrees the officer had the right
to search the car as the result of the owner's consent; only, that the scope of the consent did not extend
to the search of appellant's purse. Appellant contends that the officer's sight of the plastic baggie with a
knot tied in it did not meet the practical, non-technical probability that the evidence was incriminating, and
did not rise to the level of probable cause. We find appellant's reliance on Texas v. Brown, 460 U.S. 730
(1983), to be misplaced.

 In Brown, the officer's stop of the defendant's car was legal. In the instant cause, appellant
agrees the stopping of the vehicle was legal. After Brown's car was stopped, the officer shined his flashlight
into the car, and saw an opaque, green party balloon, knotted near the tip, fall from Brown's hand to the
seat beside him. The balloon was seized and the ensuing search revealed that it contained a powdery
substance a chemist determined to be heroin. Brown is remarkably similar to the instant cause. The
conduct of the officers in observing the packet protruding from the purse and the opaque balloon did not
constitute an invasion of privacy. In both cases, the officers testified that their training and experience taught
them that the items seized were used to contain narcotics.

 The Brown court stated that the seizure of property in plain view is "presumptively
reasonable, assuming that there is probable cause to associate the property with criminal activity." Id. at
740-41. "The fact that Maples [arresting officer] could not see through the opaque fabric of the balloon
is all but irrelevant: the distinctive character of the balloon spoke volumes as to its contents--particularly
to the trained eye of the officer." Id. at 743. In determining probable cause, "the evidence . . . must be
seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field
of law enforcement." Id. at 742. The court held that when the arresting officer viewed the balloon in the
interior of the defendant's car, he had probable cause to believe that it was subject to seizure under the
Fourth Amendment. Id. at 744.

 In the instant cause, the plastic baggie with a knot tied in it "spoke volumes" to the trained
eye of Parham. The officer's testimony and experience also taught him that appellant's reaction to his
inquiry about narcotics in the vehicle was significant to arouse suspicion. Appellant points to Parham's
testimony under cross-examination that there might be other uses for this type of plastic baggie. It must be
remembered that at a suppression hearing, the trial judge is the sole and exclusive judge of the weight to
be given the testimony of a witness.

 We hold that the officer lawfully viewed the protruding baggie in appellant's purse, and had
probable cause to believe it was subject to seizure under the Fourth Amendment. Appellant's contention
that the search and seizure were illegal is overruled.

 The judgment of the trial court is affirmed.




 

 Tom G. Davis, Justice